THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM H. McGRATH and Others, Relators, *v.* GEORGE WEISS and Others, Constituting the Town Board of the Town of Rockland, Sullivan County, Respondents.

Third Department, May 5, 1926.

Towns — water district — certiorari to review action of town board in establishing water district under Town Law, § 285 — petition was signed by majority of owners of taxable real property in proposed district as required by Town Law, § 282, properly filed, and notice of hearing given — town board acquired jurisdiction — signing of counter petition by some who signed original petition did not deprive town board of jurisdiction — map or plan necessary, under Town Law, § 283, only where water system is proposed to be constructed.

The town board of the town of Rockland, Sullivan county, acquired jurisdiction under section 285 of the Town Law of proceedings to establish a water district, since it appears that a petition was presented signed by a majority of the owners of taxable real property in the proposed district as required by section 282 of the Town Law, that the petition was filed under section 283 of the Town Law with the town clerk, and that the town clerk acting under section 285 of the Town Law caused the proper notice of filing, and the object of the petition to be published, which notice specified the time and place where the town board would meet to consider the petition.

The jurisdiction of the town board could not, after it was once acquired, be taken from it by a counter petition signed by some of those who signed the original petition on the ground that those signers had revoked their original petition and had thereby left the original petition without the required number of signers under section 282 of the Town Law; one who signs the original petition cannot thereafter revoke his action, and the jurisdiction once conferred cannot be taken away by any such attempted revocation.

It was not necessary to annex to the petition a map or plan as provided under section 283 of the Town Law, and the sufficiency of the map or plan attached cannot be considered, for under that section, as amended by chapter 146 of the Laws of 1925, a map or plan is required only if a water system is proposed to be constructed, and the construction of a water system was not proposed in the proceeding before the town board.

CERTIORARI ORDER granted out of the Supreme Court on the 10th day of October, 1925, directed to George Weiss and others, constituting the town board of the town of Rockland, Sullivan county, commanding them to certify and return to the office of the clerk of the county of Sullivan all and singular their proceedings had in establishing a water district within such town.

*Jenkins, Deyo & Hitchcock* [*C. H. Hitchcock* of counsel], for the relators.

*William G. Birmingham*, for the respondents.

COCHRANE, P. J. The determination of the town board under review establishes a water district and fixes a time and place for the election of water commissioners under section 285 of the Town Law (as amd. by Laws of 1925, chap. 474). The proceeding leading up to this determination is criticised because the petition therefor was not signed by "a majority of the owners of taxable real property" in the proposed district appearing "by the last preceding completed assessment-roll" as required by section 282 of the Town Law (as amd. by Laws of 1925, chap. 146). The relators contend that some of those who signed the petition did not appear by such assessment roll to be the owners of taxable real property in said district. After eliminating all those signing the petition whom the relators claim were not eligible to sign the same there still remains a majority of four according to the concession of the relators. They seek to overcome this majority of four because of the fact that some of those who signed the petition subsequently signed a counter petition attempting to revoke their action in signing the first petition. Their right to do this depends on the provisions of the statute relating thereto. Section 283 of the Town Law (as amd. by Laws of 1925, chap. 146) provides that the petition shall be filed with the town clerk. This is to be done before any other step is taken. Section 285 provides that when the petition is so filed the town clerk shall cause notice of filing of the petition and object thereof to be published for one week in a newspaper within the town or if no newspaper be published therein then by posting the notice in the manner specified in the statute. Such notice shall also specify a time and place where the town board will meet to consider the petition. Section 285 then continues as follows: "At such meeting the town board shall first determine if said petition is in fact signed and acknowledged by a majority of the owners of taxable real property in said proposed water district." Under this provision of the statute the only authority of the town board is to determine if the petition *theretofore filed* in the town clerk's office *is in fact* signed and acknowledged by a majority of those whose signatures are necessary to give it validity. It appears that the counter petition whereby some of the petitioners sought to revoke their former action was submitted to the town board at the meeting held pursuant to the notice published by the town clerk. The original petition had been filed as required by statute not less than ten days previously thereto. It thereby became a public record. It was acted on to the extent that the town clerk had published the statutory notice as required. The town board had thus acquired jurisdiction to act. By the clearly implied mandate of the statute the board was prohibited

from giving any consideration to this counter petition except that it could properly take the same into consideration in exercising its discretion as to whether it would establish a water district because said section 285 provides that after a public hearing " if the board deems it in the public interest, in its discretion, it may make an order establishing such district." But before proceeding to exercise its discretion the board must " first determine if said petition is in fact signed " by the necessary parties. In making that determination the board was confined to the single question as to whether those who signed the original petition on file as a public record constituted a majority of those whose signatures were necessary. All other considerations were irrelevant. If the board decided that such petition was so signed then it became a matter of discretion with said board as to whether it would establish such district. The relators cited authorities where it was held under the provisions of certain statutes that a petitioner might under certain circumstances revoke his petition but the phraseology of the statutes in those cases being radically different from the statute here under consideration such authorities are not helpful. In this case it seems clear that the petitioners having conferred jurisdiction on the town board could not subsequently in the manner attempted destroy such jurisdiction. The only effect of their counter petition was to present an appeal to the discretion of the board. The respondents contend that even though the petitioners might lawfully revoke their petition there still remained a sufficient number of eligible signers thereto. The foregoing considerations make it unnecessary for us to consider that question.

The relators further urge that no sufficient map or plan was annexed to the petition as provided in section 283 of the Town Law. Without passing on the sufficiency thereof it is merely necessary to suggest that under that section, as amended by chapter 146 of the Laws of 1925, a map or plan is only required " if a water system is proposed to be constructed." The *construction* of a water system was not proposed in the proceeding before the town board.

The determination should be confirmed, with fifty dollars costs and disbursements.

Determination unanimously confirmed, with fifty dollars costs and disbursements.