In the Matter of the Application of ELIZABETH L. LUDLAM, Petitioner, for a Certiorari Order against TOWN BOARD OF THE TOWN OF OYSTER BAY, NASSAU COUNTY, N. Y., and C. CHESTER PAINTER and Others, Constituting Said Board, and Another, Respondents.

Second Department, January 4, 1927.

**Towns — water districts — petition presented by town board was signed and acknowledged by majority of owners of taxable real property within territory — upon filing petition and publication of notice of hearing town board had jurisdiction — proceedings of town board were in accordance with Town Law, § 281 et seq.— determination of town board was proper.**

The petition in this case presented to the town board of the town of Oyster Bay for the establishment of a water district at Oyster Bay was signed and acknowledged by more than a majority of the owners of taxable real property within the territory in which it was proposed to establish the water district, and upon the filing of the petition and publication of a notice of hearing thereon, the town board acquired jurisdiction.

The various specifications of illegality and invalidity in the action of the town board cannot be sustained, and it is held that the proceedings of the town board were in accordance with section 281 *et seq.* of the Town Law, and that the board was authorized to make the determination sought to be reviewed.

CERTIORARI ORDER granted out of the Appellate Division of the Supreme Court, Second Department, directed to the Town Board of the Town of Oyster Bay in the county of Nassau, N. Y., and others, commanding them to certify and return to the Appellate Division, Second Department, all and singular their proceedings had relative to the establishing of the Oyster Bay water district.

*George P. Sanborn [Willard N. Baylis* and *Lester Y. Baylis* with him on the brief], for the petitioner.

*Henry A. Uterhart [Alfred M. Schaffer* with him on the brief], for the respondents.

PER CURIAM. Upon the petition for certiorari order and the papers attached thereto and recited therein, the order of this court made thereon and the return filed by the town board of the town of Oyster Bay pursuant to said order and the various papers and exhibits attached thereto and recited therein, we find as matter of fact that the petition presented to the town board on August 14, 1923, for the establishment of a water district at Oyster Bay in said town was signed and acknowledged by more than a majority of the owners of the taxable real property within the territory in which it was proposed to establish said water district.

In our opinion, upon the filing of said petition and publication of the notice of hearing thereon, the town board acquired jurisdiction of the proceeding. (*People ex rel. McGrath v. Weiss*, 216 App. Div. 505.) We have examined the various specifications of illegality and invalidity in the action of the town board set out in the petition and in the brief submitted by the learned counsel for the petitioner, and without reciting them here in detail, we are of opinion that the proceedings of the town board were in accordance with the statute (Town Law, § 281 *et seq.*), and authorized them to make the determination sought to be reviewed; that in making said determination the said town board violated no rule of law to the prejudice of the rights of the petitioner, and that there is competent proof of all the facts necessary to be proved in order to authorize the making of said determination.

The determination of the respondent town board of the town of Oyster Bay, of August 17, 1923, establishing the Oyster Bay water district, should, therefore, be confirmed, and the certiorari proceedings and the order of certiorari granted herein are dismissed, with fifty dollars costs and disbursements to the respondent town board against the petitioner.

KELLY, P. J., JAYCOX, MANNING, YOUNG and KAPPER, JJ., concur.

Determination of respondent town board of the town of Oyster Bay, establishing the Oyster Bay water district, confirmed, and certiorari proceedings dismissed, with fifty dollars costs and disbursements to respondent town board against the petitioner. Settle order on notice.