In the Matter of EDWARD H. FLOYD-JONES et al., Appellants, *v.* TOWN BOARD OF THE TOWN OF OYSTER BAY et al., Respondents.

(Argued October 24, 1928; decided November 27, 1928.)

*Russell H. Robbins, Clinton H. Blake, Knowlton Durham, Otis S. Carroll* and *Louis H. Pink* 'for appellants. The action of the town board in reducing the territory to be embraced within the proposed district was illegal and without authority in law. (*Matter of New York & Brooklyn Bridge,* 72 N. Y. 527.) The town board was without jurisdiction to create the proposed water district since there was no competent proof before it that the petition was signed as required by law. (*People ex rel. McNeile* v. *Glynn,* 128 App. Div. 257; *Tompkins* v. *Hunter,* 149 N. Y. 117; *Benton* v. *Wickwire,* 54 N. Y. 226; *McCluskey* v. *Cromwell,* 11 N. Y. 593; *Matter of Village of Middletown,* 82 N. Y. 196; *Matter of Miller,* 110 N. Y. 216; *People* v. *Long Island Railroad Co.,* 194 N. Y. 130; *Johnson* v. *Hudson River Railroad Co.,* 49 N. Y. 455.) Section 282 of the Town Law is unconstitutional and repugnant to the due process clause of the Fourteenth Amendment. (*Browning* v. *Hooper,* 269 U. S. 396; *Matter of N. Y. & Q. Gas Co.* v. *McCall,* 219 N. Y. 84.)

*Charles I. Wood, George Morton Levy* and *Leo Fishel* for respondents. There was evidence before the town

board to sustain its determination that the petition was in fact executed in compliance with section 282 of the Town Law. (*People ex rel. McGrath* v. *Weiss*, 216 App. Div. 505; 245 N. Y. 518; *Ludlum* v. *Town Board of Town of Oyster Bay*, 219 App. Div. 188; *Doyle* v. *Town of Diana*, 203 App. Div. 239; *People* v. *Flack*, 216 N. Y. 123; *Stemmler* v. *Mayor*, 179 N. Y. 473; *Dunham* v. *Townsend*, 118 N. Y. 281; *Tiffany* v. *Town of Oyster Bay*, 141 App. Div. 720; 209 N. Y. 1.) The action of the town board in reducing, in its discretion, the territory to be included in the district, was legal and proper. (*Matter of Syracuse* v. *Van Amburgh*, 223 App. Div. 485.)

POUND, J. The question is whether the action of the town board of Oyster Bay in the county of Nassau, in establishing the so-called Massapequa Water District in that town, complied with the provisions of law.

Jurisdiction to establish a water district in a town in the county of Nassau is obtained by filing a petition under the provisions of section 282 of the Town Law (Cons. Laws, ch. 62), as amended by chapter 711, Laws of 1926, which, so far as applicable, reads as follows:

" § 282. 3. Town board may establish water district; petition. The town board * * * in any town in the counties of Nassau and Westchester upon the petition of a majority of the resident owners of taxable real property in a proposed district, as appears by the last preceding completed assessment roll of such town, may establish a water district outside of an incorporated city or village and wholly within such town. The petition must describe the proposed district; and, if a water system is to be constructed therein, state the maximum amount proposed to be expended in the construction of such water system. The petition must be signed by the petitioners and acknowledged in the same manner as a deed to be recorded."

A petition was presented to the town board purport-

ing to be signed by a majority of the resident owners of taxable property in the proposed district therein described (as appears by the last preceding completed assessment roll of said town) which described by metes and bounds a proposed water district and a hearing was had upon notice given pursuant to the Town Law.

On the threshold a practical difficulty presented itself. Resident owners of taxable property in a proposed district are not indicated as such on the assessment rolls of the town. The draftsman must have forgotten this fact. No distinction is made between resident and non-resident owners. In towns outside of Nassau and Westchester no distinction as to the right to petition for the creation of a water district is drawn between resident and non-resident owners. The list of owners of taxable real property is readily obtained from the assessment roll, but resort must be had to other sources to ascertain what property on the assessment roll is owned by petitioning resident owners. As the question of fact could not be ascertained as provided by statute, other methods of proof were resorted to by both sides and a finding was made thereon that the petition was properly signed. This was permissible, for the Legislature was not attempting to prohibit the creation of water districts in Nassau county by requiring impossibilities. The town board might reject the meaningless words of the statute as surplusage. " It is, however, a very serious matter to hold that when the main object of a statute is clear, it shall be reduced to a nullity by the draftsman's unskilfulness or ignorance of law." (*Salmon* v. *Duncombe*, [1886] 11 App. Cas. 627, 634.) Either side was free to refer to the assessment roll for the purpose of ascertaining what real property in the proposed district was assessed and, having obtained this information, it was free to call witnesses or present affidavits as to the resident ownership of such property.

The procedure before the town board is defined by

Town Law (§ 285), as amended by chapter 711, Laws of 1926, which provides for action on the petition as follows:

*First.* " If said town board shall determine that the petition is properly signed and proved or acknowledged in the manner above provided and that it otherwise complies with the provisions of said section two hundred eighty-two hereof, they shall make a written order to that effect, which order shall be signed by the members of the town board present at such hearing and also entered in the minutes of said meeting."

*Secondly.* " After the town board has made such order, they shall then publicly hear the allegations of all persons appearing upon said hearing as to all matters specified in such notice of hearing and upon any other matters affecting or relating to the establishment of said proposed district and the construction of said proposed improvement therein, as they may deem just and equitable, and shall thereupon make such order therein."

The town board proceeded to make an order, *first*, to the effect that the petition was properly signed, and *secondly*, that a water district should be created, excluding, however, a portion of the territory described in the original petition on the ground that it would not be benefited by the creation of the proposed district. The words " as they may deem just and equitable, and shall thereupon make such order therein," at the end of the part of section 285 quoted above, are meaningless unless transposed so as to read " and shall thereupon make such order therein as they shall deem just and equitable." As so transposed, it is argued that the board thereby is given power not only to grant or refuse to establish the water district asked for but also to modify and reduce the boundaries of such district. It is patent that the Legislature intended to change the rule applied under the old law which gave the board no discretion to deny the application or modify the relief prayed for as well as to grant the petition. Whatever its intent, the mandatory part of

the section remains and read literally imposes upon the board the duty to make " such order," *i. e.,* the order establishing the water district petitioned for. This it failed to do. The true meaning is obvious, and it might be given to the statute by the court if it were necessary to the proper disposition of the case. (*People ex rel. Wood* v. *Lacombe,* 99 N. Y., 43, 49, 50.)

Respondents rely further on the provisions of General District Law (L. 1926, ch. 470), entitled: " An Act in relation to the creation, financing and activities of certain public districts." This is a general statute which by its terms is broad enough to apply to the powers of a town board to grant relief and, on proper application, to create a water district. Section 3 reads as follows:

" § 3. Procedure; notice and hearing. Whenever it is desired to create or finance a public district, or to perform some function thereunder upon action by any interested persons, the board, commission or officer with whom the petition necessary to initiate such action is filed shall grant a public hearing before taking any action on the petition, at which time full opportunity to be heard shall be granted to all interested persons. Notice of the time, place and purpose of such hearing, containing a description of the district or proposed district, shall be given by such board, commission or officer, at petitioner's expense, by posting such notice in four of the most public places within the district or proposed district at least twenty-one days prior thereto and by publishing a notice once in each of the three weeks immediately preceding the week in which the hearing is to be held in a newspaper published within the district or proposed district, or, if there be no such newspaper, then in a newspaper having general circulation in the district or proposed district and published in the county in which a part or all of the district or proposed district is located or in an adjoining county."

Section 4 reads as follows:

" § 4. Powers. After a hearing held upon notice as provided herein, and upon the evidence given thereat, the board, commission or officer with whom the petition is filed shall determine whether it is in the public interest to grant *in whole or in part* the relief sought. If it is determined that it be not in the public interest to grant in whole or in part the relief sought, it shall deny the petition, but if it is determined that it be in the public interest, *it may grant the relief sought by the petition or may modify the same.* The said board, commission or officer at the same time shall determine whether all the property, property owners and interested persons within the public district as proposed, are benefited thereby and whether all property or property owners benefited are included therein and it shall *so alter the boundaries of the district, prior to granting the relief sought by the petition so that all property and property owners and only such property and property owners as are benefited shall be included within its limits.* In the event, however, that it is found that any property, property owners or any interested persons not included in the public district, as originally proposed, will be benefited thereby, a further notice shall be posted and published and a hearing held as provided in section three hereof, unless all said additional property owners or interested persons execute and file a written consent to be included in such district."

Section 6 reads as follows:

" § 6. Effect of this article. The requirements of this article shall be deemed to be in addition to any procedure specified in any district statute, provided, however, that where such district statute calls for the giving of any notice, the holding of any hearing or the taking of any action substantially as hereby required, then the notice may be given, hearing held, or action taken under the provisions of the district statute or under the provisions of this article."

The action herein taken was under the provisions of the

Town Law, which provides for the giving of notice, the holding of a hearing and the taking of action. To the Town Law, therefore, this General District Law unquestionably adds the power to grant the relief sought in part and to alter the boundaries of the water district as petitioned for so that " all property and property owners and only such property and property owners as are benefited shall be included within its limits." " The petition necessary to initiate such action " must be the petition specified in the Town Law. It must, in this case, be " the petition of a majority of the resident owners of taxable real property in a proposed district." In this case, the town board made an order determining that the petition was properly signed. It then cut down the boundaries of the district. It has never determined that a majority of the resident owners of taxable real property in the modified district has petitioned for such improvement, nor is such finding necessary to enable it to act.

On the filing of the petition and the publication of the notice of the hearing as required by law, the town board acquired jurisdiction to act. (*People ex rel. McGrath* v. *Weiss*, 216 App. Div. 505; affd., 245 N. Y. 518.)

When the Legislature does not establish the boundaries of a taxing district but delegates the authority as in this case, it is essential to due process that the owners of land affected by the improvement be accorded an opportunity to be heard as to the location of the boundaries and the creation of the district. (*Stuart* v. *Palmer*, 74 N. Y. 183; *Browning* v. *Hooper*, 269 U. S. 396, 405.) All such owners were given notice and an opportunity to be heard on the question whether their property would be benefited by the proposed improvement. The matter being properly brought before the board, it was free to grant such relief as the General District Law provided. The Legislature might have permitted the town board to institute the proceeding without a petition. No constitutional rights are violated either by limiting the right of petition to

resident landowners or by extending the power of the town board to grant relief. If property not included in the district as originally proposed is found to be benefited notice of consent is necessary to bring it into the modified district. (General District Law, § 4, *supra*.) The main jurisdictional fact is notice and a hearing to all whose property is said to be benefited. That such notice has been given is not questioned.

The order should be affirmed, with costs.

CARDOZO, Ch. J. CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Order affirmed.