## McCARTHY et al. v. POTTS.
### No. 36.

Circuit Court of Appeals, Second Circuit.
Nov. 7, 1938.

Alexander H. Rockmore, of New York City, for plaintiffs-appellants.

Kellogg, Emery & Innes-Brown, of New York City (David Paine, James F. Dwyer, and Harold Kronig, all of New York City, of counsel), for defendant-appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an action for money had and received, brought by the Board of Commissioners of the Massapequa Water District of the Town of Oyster Bay, New York, to recover $10,000 and interest from the defendant, Clyde Potts, who had been engaged by the District as an engineer to plan and supervise the construction of a Water Supply and Distribution System. Recovery is sought on the ground that the payment to the defendant was $10,000 more than was legally due him under his contract with the district. From a judgment dismissing the complaint, the Commissioners of the Water District appeal. We think that the judgment should be affirmed.

On June 28, 1927, the Town Board of Oyster Bay established the Massapequa Water District under the town law. On August 9, 1927, a contract was entered into by the Commissioners of the Water District employing the defendant to act as engineer in making surveys, studies, maps, plans, specifications and reports relating to the construction of a water system for the district which was to supply and distribute water and provide for fire protection therein. He was to supervise the construction, to prepare the necessary engineering papers and documents required by the State Water Control Commission, to attend hearings of that Commission and to assist the attorney of the water district in securing the approval of the plans and specifications by the State Commission. At the time the contract with the defendant was made a taxpayer's suit was pending in the New York courts to

have the water district declared illegal. It was provided in the contract with the defendant that if the suit to set-aside the formation of the existing water district should be successful: " * * * the engineer will have no claim for compensation, but * * * upon the creation of a new district this contract will become in full force and effect and binding upon said new district, and the engineer agrees to modify or alter the plans in so far as such alteration may be necessary to conform to the new district as created." The compensation provided for the defendant under the contract of August 9, 1927, was six per cent of the cost of the work "to be paid in instalments as the work progresses."

On November 27, 1928, the New York Court of Appeals rendered a decision that the water district had been legally created. Floyd-Jones v. Town Board, 249 N.Y. 398, 164 N.E. 330. Thereby the condition in the contract that the engineer should have no claim for compensation if the formation of the district should be held illegal was eliminated.

On December 27, 1928, the State Commission rejected the plans for the district which had been originally set up by the Town, and though the local board sought rehearings, the State Commission insisted that the lines of the old district covered too much territory and suggested doubts about the necessity of the development of a water supply. A new district of substantially reduced area was formed by special act of the Legislature—Laws of 1930, Chapter 562—and ratified by a referendum. These things not only involved an entire change in the plans of the distribution system for the new district but an elimination of the plans for the supply system which had already been prepared by the defendant. The area of the original district was about eight square miles; that of the new district only about five square miles. The contract bid for a water system for the old district was $500,000, and that for the new district $341,855.75. The defendant was paid six per cent of the latter amount, or $20,511.34, as compensation for his services in respect to the new district created under Chapter 562 of the Laws of 1930. On September 23, 1930, he had also received $10,000 in payment for his services under the original contract which was abandoned by the local commissioners after the State Commission had refused to permit the original plans to proceed.

There was a recital in the minutes of a meeting of the Commissioners of the original water district held on August 27, 1929, that Mr. Potts appeared at the meeting, requested that he be paid $10,000 for engineering services rendered in the organization of the district, and said that, if a resolution was adopted authorizing such payment, he would agree if the construction of the water works was started to accept such payment on account of the six per cent he was entitled to under his contract of August 9, 1927. This statement was, however, followed by a further recital that through no fault of the engineer the district had been unable to construct the water plant and that under the circumstances he should be paid $10,000 as reasonable compensation for his work. Moreover, the recital as to what Potts said at the meeting was based on no more than the minutes of a stenographer, and no one was called as a witness to establish that he made such a statement. At meetings held on March 7 and April 26, 1929, he claimed $15,000 for the same services and the resolution of August 27, 1929, to pay $10,000, and the subsequent payment, might have been regarded by the jury as the result of a settlement.

At that time the plans had been finally rejected by the State Commission so that the system could not be built and when the $10,000 was paid on September 23, 1930, a new district had been set up which with the $10,000 allowed for the earlier work and the six per cent of the cost of the new plant only equalled six per cent of the cost of construction of the original plant. Before he received payment of the $10,000 he was advised that the plans would include no expenditures for a supply system.

Under § 6 of Chapter 562 of the Laws of 1930, the obligation of all existing contracts was to be a charge upon the new district. This obligation would not, however, bind the defendant unless he subsequently entered into it. The resolution of August 27, 1929, did not say that the $10,000 should be credited on a future plan, the plan finally carried out was entirely different from the one contemplated for the original project, it would in many respects require a duplication of the work of Potts and when taken by itself would only entitle him to two-thirds of the compensation he would have received had the original arrangement for the water plant been effectuated.

Judge Caffey left it to the jury to determine whether the parties on August 27, 1929, agreed to require that the $10,000 paid for the work on the plans for the original district be applied upon the claim for services in doing the engineering work for the new system. Certainly the arrangement of the Water Commissioners to pay Potts $10,000 for his earlier work, plus commissions at six per cent of the cost of the subsequent construction, was intrinsically fair and the jury by its verdict evidently found that the $10,000 was paid for the original services without any agreement that it was to be applied on his contract to act as engineer for the new plant.

The original contract in our opinion never required Potts to perform work so fundamentally different from that contemplated when it was entered into. National Contracting Co. v. Hudson River Water Power Co., 192 N.Y. 209, 84 N.E. 965.

This is a case where the district had abandoned constructing the kind of water plant originally proposed. Potts could have withdrawn from his undertaking altogether. He had a just claim for the value of the services he had rendered and could properly keep the money he had received in payment of it. He had settled his claim for $10,000 and had entered into a new agreement to act as engineer for six per cent of the cost to the new district of the new and entirely different plant. These facts are established by the verdict of the jury and were fair inferences from the circumstances proved, the probabilities of the situation and the practical interpretation by the parties of their contract arrangement. The questions were purely of fact and were determined by the jury. We find no error affecting the judgment.

In view of the foregoing it is unnecessary to discuss whether the plaintiffs are authorized to bring this action. They had a right to pay the defendant for his services which, by reason of the verdict of the jury, were of the reasonable value agreed upon.

There is no merit in the contention that the payment of $10,000 was forbidden by Article 3, Section 28 of the State Constitution because it was *extra* compensation. It was in no sense *extra* for the reason that it was for services that were not covered by the contract under which the plans for the new district were made.

Judgment affirmed.