Van Voorhis, J.
(dissenting). In this proceeding to review the action of the Town Board of the Town of Fleming, establishing a water district, the petitioners alleged that the petition presented to the Town Board did not comply with section 191 of the Town Law, in that it was not signed by the owners of at least one half of the assessed valuation of all the taxable property of the proposed district since men to whom property was assessed as though they were sole owners on the assessment roll signed and their wives did not, when, in fact, the property was owned by them as tenants by the entirety. Unless the entire *96 assessed valuation of such parcels is included, the petition is insufficient. The total taxable real property in this district, less nontaxable property, is $324,900, half of which is $162,450. The assessed valuation purporting to have been owned by signers of the petition is $225,000. However, $35,700 of this was found by Trial Term to have been owned by unacknowledged signers or to be nontaxable property, which leaves but $189,300 before reaching the decisive question on this appeal, which is whether more than half of the additional $92,300 owned by tenants by the entirety can be counted where only the husband signed the petition. Half of the assessed valuation of parcels of land owned by tenants by the entirety, where only the husband signed, amounts to $46,150 and, after that is also deducted, it leaves $143,150 upon the petition which is $19,300 less than half of the assessed valuation in the district. Since husband and wife have equal estates including the right to half of the income during coverture (Hiles v. Fisher, 144 N. Y. 306) the wife being “ entitled to hold, enjoy and possess with him as if she were a tenant in common ” (Grosser v. City of Rochester, 148 N. Y. 235, 238) only half of the amount of the assessed valuation of these parcels owned by the entirety should have been considered. That leaves less in amount than is required by section 191 of the Town Law.
A similar question was before the County Court of Ontario County (Baker, J.) in Matter of Village of Holcomb (97 Misc. 241), which involved whether a proposition for the incorporation of a village was signed as required by statute, by the owners of real property situated within the proposed territory constituting one third in value thereof as assessed on the last preceding town assessment roll. Husband and wife were each held to be freeholders, and each entitled to sign for half the assessed value of the parcel. Judge Bakes, correctly said (pp. 243-244): ‘ ‘ Since the disability of the wife has been removed by statute, she is entitled to hold, enjoy and possess with the husband as if they were tenants in common and each of the parties is entitled to one-half of the rents and profits during their joint lives, with power to dispose of his or her moiety during the same period ; each is a tenant in common of the use during the period of their joint lives with a contingent remainder -in fee dependent upon survivorship. Hiles v. Fisher, 144 N. Y. 306; Grosser v. City *97 of Rochester, 148 id. 235; Matter of Goodrich v. Village of Otego, p. 216 id. 112.”
Although, the estate of tenancy by the entirety has been preserved in name, its substance has been considerably altered since the adoption of the Married Women’s Acts so that the husband no longer can deal with the property as though it were entirely his while the wife is alive. That precludes the husband from signing, during his wife’s lifetime, for more than his half. If it were true, as is stated in the majority opinion, “ that either or both may be included in the statutory description ‘ owners of taxable real property ’,” so that either could sign for the entire assessed valuation, then an irresistible force would indeed meet an immovable substance if one of a married couple chose to sign and the other did not.
If the names of husband and wife had been carried upon the' assessment roll as owners as tenants by the entirety, and only one of them had signed, there could be little or no dispute that the petition for the formation of this water district would have been defective. We are unable to reach a different conclusion, even though the assessment roll showed only the name of the husband in eases of property owned by the entirety.
As was said by Cunningham, J., in Eastman Kodak Co. v. Richards (123 Misc. 83, 88): “The town board exercised a judicial function in determining that the petition was signed by a majority of the property owners and its action is reviewable by certiorari. People ex rel. Steward v. Railroad Commissioners, 160 N. Y. 202; People ex rel. Hayes v. Waldo, 212 id. 156; People ex rel. Uvalde A. Paving Co. v. Seaman, 217 id. 70; People ex rel. Hallock v. Hennessy, 205 id. 301.”
The purpose was stated to be so that after the time to review by certiorari had expired ‘ ‘ the question of the authority of the town board to establish the district should bo conclusively decided before innocent parties invested their funds in the project. It was only right and just to the contractors who might bid upon the work to have it determined in advance that the water commissioners were empowered to let the contract to them.”
The order of the town board creating the district, after approval by the State Comptroller, is required by section 195 of the Town haw “ to be duly recorded ip the office of the clerk *98 of the county in which the town is located, within ten days after the adoption of such order or determination by the town board ” and when so recorded it becomes presumptive evidence of the regularity of all prior proceedings. Subdivision 2 of that section requires that any interested person aggrieved “by any final determination or order made pursuant to the provisions of this article may review the same by certiorari provided that the application for such order of certiorari is made within thirty days from the date of the recording of the certified copy of the order or determination in the office of the clerk of the county, The said determination or order .shall be final and conclusive unless application has been made for review by certiorari within thirty days from the time of recording thereof. ”
Thus it is a simple matter for any town board to wait out the 30 days before jeopardizing contractors, bondholders and others who afterwards become involved, Instead, this town board let the contract for the construction of the water system on the same day on which the district was created in the face of objections made by taxpayers.
This brings us to the only basis on which the creation of this controversial water district could be sustained, which is that under section 191 of the Town Law the real property in the district is conclusively presumed to be owned by the persons whose names are listed on the latest completed assessment roll.
The statute clearly intended the assessment roll to be conclusive insofar as it set forth the valuations of the real properties, although it may be and usually is necessary to show the boundaries by extrinsic evidence of parcels identified on the assessment rolls in abbreviated form. It is also necessary to go beyond the assessment roll to ascertain which are resident owners, a majority of whose assessed valuation is also required by section 191 of the Town Law. The names of the persons purporting to be the owners have not been part of the assessment roll since the time when the statutes were amended to cause the assessment to be levied directly against the real property instead of against the person of the owner. 'The Legislature hardly intended that signatures on petitions for district improvements could be counted where the signer had sold and conveyed the parcel, merely for the reason that the assessors had not changed *99 the name on the roll. They would-often have no occasion to do so for a year, at least, and it is common knowledge that parcels of real estate continue for many years on the assessment rolls in the names of prior owners. In Great Riv. Realty Corp. v. Davis (4 N Y 2d 1008), we held a tax deed to be valid of a parcel of land in Suffolk County which was assessed to “Estate of William H. Bobbins ” for the reason, as stated in the case note, “ that the name of the owner on an assessment roll in Suffolk County was not part of the assessment and an error in such name did not affect the validity of the assessment.”
Section 55-a of the Tax Law, to be sure, was repealed by section 1614 of the Real Property Tax Law and re-enacted in what is now section 504 (subd. 4) thereof without the last sentence of section 55-a reading: “ The entry of the name of the owner, last known owner or reputed'owner of a separate parcel or portion of real property shall nót be regarded as part of such assessment, but merely as an aid-to identify such parcel upon the roll.” Such omission did not change the operative effect of the section, which still provides that errors or omissions in failing to enter ‘ ‘ the name of the owner, last known owner or reputed owner” shall not prevent the enforcement of the payment of the taxes, which continue to be levied against the real property itself and not, as formerly, against the person of the owner, with the consequence that the holding-in Great Riv. Realty Corp. v. Davis (supra) has not been changed. The omission of the phraseology mentioned could not have had- the effect of reintroducing the name of the owner as part of the assessment roll, or its utilization for other purposes than as an aid in identifying the parcel of land. It could not have been intended, for example, to render a person personally liable for the payment of the real property tax on land assessed in his-name, even though he were a resident of the tax district, unless he were, in fact, the owner of the property (cf. Real Property Tax Law, § 926, derived from Tax Law, former § 71; Village of Massapequa Park v. Massapequa Park Villa Sites, 278 N. Y. 28). If any significance were to be ascribed to the omission of the last sentence in former section 55-a in the enactment of section 504 (subd. 4) of the Real Property Tax Law, it should be noted that the express language that the nam.e of the owner or reputed owner forms no part of *100 the assessment roll was in effect when the Legislature enacted section 191 of the Town Law and its predecessor sections, referring to petitions signed by owners of a majority of the assessed valuation in the district as shown by the last completed assessment roll. There is no incentive on the part of any person whose name is incorrectly entered upon or is omitted from a tax roll to have it changed, and the court may take judicial notice that this is frequently not done for many years. It was not the intention of the Legislature, we think, that the assessment roll should evince fictitious ownership, or that objectors should be precluded from asserting the true facts provided that they act within the 30 days limited by section 195 of the Town Law.
Where a petition for a town improvement district contains less than the signatures required by section 191 of the Town Law, the determination of the town board creating or extending such district, it has been held, .should be annulled (Matter of Gray v. Town Bd. of Town of North Hempstead, 303 N. Y. 575). The Appellate Division incorrectly cited Matter of Floyd-Jones v. Town Bd. (249 N. Y. 398), as holding that the assessment roll is conclusive as to names of the owners. The question was not there involved, and the thrust of that decision is opposite in ruling that resort must be had to other sources than the assessment roll to ascertain what property is owned by resident owners in order to determine whether the petition is signed by a majority of the assessed valuation owned by resident owners in the district. The Floyd-Jones case indicates that there is no manner in which the town board can be assured by merely examining the assessment roll that a petition complies with section .191, which is an important reason for the 30-day short Statute of Limitations provided by section 195 that was disregarded in this case.
The order appealed from, should be reversed and the determination of the town board annulled.
Chief Judge Desmond and Judges Fold and Keating concur with Judge Scileppi; Judge Van Vooehis dissents in an opinion, in which Judges Burke and Beegan concur.
Order affirmed.