M. Henry Martuscello, J.
Defendants move to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action and also for judgment in favor of the defendants declaring chapters 806 to 809 inclusive of the Laws of 1955 in all respects constitutional.
Plaintiffs as taxpayers instituted the present action to declare as unconstitutional and void chapters 806 to 809 inclusive and for injunctive relief to restrain the municipal authorities from taking any steps to implement these statutes. The present action as originally commenced, named the mayor and the members of the board of estimate as defendants, but the Port of New York Authority, Triborough Bridge and Tunnel Authority and the Attorney-General of the State of New York, were granted leave to intervene as parties defendants.
Plaintiffs challenge the validity of the above-mentioned statutes upon the premise that there was a failure to comply with the home rule provisions of section 11 of article IX of the Constitution of the State of New York. It is conceded that chapters 806 to 809 represent “ package legislation ” wherein provision was made for the construction by the Port of New York Authority of a bridge across the Narrows connecting Brooklyn with Staten Island (ch. 808) and an agreement for its operation and maintenance by the Triborough Bridge and Tunnel Authority (ch. 806), the construction and operation by the Triborough Bridge and Tunnel Authority of a bridge at Throgs Neck in Queens, connecting that borough with The Bronx (ch. 806), the construction and operation by the Port of New York Authority *91 of a second deck to the George Washington Bridge, and facilities including a bus terminal appurtenant thereto (ch. 807) and the construction of a network of roads and expressways adjacent to provide the necessary access to the bridges and connections with the State arterial highway system (ch. 809).
While the plaintiffs in their complaint challenge the constitutionality of chapters 807 and 808 of the Laws of 1955, they do not press this point in their brief submitted to the court. Bather, they direct their arguments to the validity of the home rule messages insofar as they relate to chapters 806 and 809, because of the alleged failure to comply with applicable law pertaining to the introduction, adoption and enactment of such home rule messages. The record discloses that chapters 807 and 808 were passed by the Legislature without any home rule message, while chapters 806 and 809 were passed with such a message. It is plaintiff’s contention that the special meeting at which the city council concurred in the message relating to chapters 806 and 809 was invalid for failure to give due notice of the meeting as required by section 33 of the New York City Charter and because the action by the city council was taken in violation of the rules of the council.
Section 11 of article IX of the State Constitution provides: “ [Passage of special city laws prohibited; exceptions.]
“ § 11. The legislature shall act in relation to the property, affairs or government of any city only by general laws which shall in terms and in effect apply alike to all cities, except upon the request of the mayor of the city affected concurred in by the local legislative body or upon the request of two-thirds of the elected members of the local legislative body declaring that a necessity exists and reciting the facts establishing such necessity and the concurrent action of two-thirds of the members of each house of the legislature. The legislature may by general laws confer on cities such powers of local legislation and administration in addition to the powers vested in cities by this article as it may, from time to time, deem expedient and may withdraw such powers. The provisions of this article shall not be deemed to restrict the power of the legislature to enact laws relating to matters other than the property, affairs or government of cities.” (Formerly art. 12, § 2, renum. and amd. by Constitutional Convention of 1938; approved by the People, Nov. 8, 1938.)
Under the above constitutional provision it is only as to laws in relation to the ‘ ‘ property, affairs or government of any city ’ ’ that a request must be made by the mayor or the local legislative body for the legislation in question.
*92 Consequently, the first question that presents itself here, is whether chapters 806 to 809 inclusive relate to the ‘ ‘ property, affairs or government of any city ’ ’ within the meaning of the above constitutional provision. If these four statutes relate to matters of State concern, then the Legislature was free to act without a city message; if not, then there must be a compliance with the constitutional provision (Adler v. Deegan, 251 N. Y. 467).
While it is true that city streets and highways are local matters and are property relating to the affairs of the city, the statutes in question deal with bridges and highways which are essential connecting links in a co-ordinated State highway system. It is clear that these statutes, all approved on the same day, were enacted for only one purpose, namely, the improvement of intrastate and interstate vehicular transportation. In the circumstances it would seem to me that they involve matters of State concern.
This view is also supported by the fact that the Port Authority, which is to construct the Narrows bridge, is a governmental agency of the State carrying out matters of State concern dealing with transportation and commerce. Said Authority was created by a compact between the States of New York and New Jersey and its jurisdiction includes matters not merely of local concern but those which directly affect the people of the States of New York and New Jersey. In Bush Terminal Co. v. City of New York (152 Misc. 144, affd. 256 App. Div. 978, affd. 282 N. Y. 306) the Court of Appeals stated (p. 318): “ The Port Authority is ‘ a body corporate and politic ’ created by two States to exercise the powers of both States for a public purpose in which the people of both States are interested.”
So, also in Marmor v. Port of New York Auth. (203 Misc. 568, 569) the court stated: “ Defendant is a joint or common agency of two sovereign States, New Jersey and New York; [it] is performing a governmental function in the construction, maintenance and operation of bridges and tunnels which project beyond State lines ”.
A case somewhat similar to the case at bar is People ex rel. Buffalo & Fort Erie Public Bridge Auth. v. Davis (277 N. Y. 292). There, the court held that the compact creating the Buffalo and Port Erie Public Bridge Authority and authorizing it to construct a bridge between New York and Canada was not a ‘ ‘ private or local bill ’ ’ in violation of the State Constitution. The court stated (p. 298) that the Authority was “ a governmental agency of the State carrying out a matter of State concern for the benefit of the people of the State.”
*93 Of similar import is the case of McAneny v. Board of Estimate (232 N. Y. 377) where it was held that (p. 393) matters such as rapid transit and other methods of transportation, even though in particular cities, are generally regarded as “ a state affair ” since they are matters “ affecting not only the people of that city but of the whole state.” There, the court stated at page 394, in language particularly pertinent to the legislation involved in this case dealing with arterial facilities: ‘ ‘ All of the legislation bearing on the subject has for many years recognized that a duty rested upon the legislature to provide for rapid transit, such duty to be performed by itself or by an agent designated for the purpose, a function which the state, in its sovereign capacity, had a right to exercise irrespective of the city authorities, since it concerned the whole state just as much as the maintenance of highways or the management of other public utilities.” (Italics mine.) (See, also, Salzman v. Impellitteri, 305 N. Y. 414.)
Since the statutes herein involved relate to matters of State concern they are not, in my opinion, subject to the home rule requirements of the State Constitution.
Apart from the foregoing, however, it is also my opinion that, even if the proceedings in the city council were defective, plaintiffs are precluded from challenging the validity thereof by reason of the certificates of the Legislature’s presiding officers to the effect that the statutes were properly adopted pursuant to home rule messages. On their face these statutes (chs. 806, 809) state that they were duly passed on a city message, pursuant to section 11 of article IX of the State Constitution, by a two-thirds vote. The Legislature and its presiding officers having thus affirmatively certified that all requisite steps necessary for the passage of the laws in question were properly carried out, these certificates are “ conclusive evidence ” to that effect, as is provided by section 40 of the Legislative Law (Helm v. Day, 134 N. Y. S. 770, affd. 153 App. Div. 931). Said section 40 provides as follows: “ Upon the passage by either house of the legislature of a bill, concurrent resolution proposing amendments to the state constitution, or concurrent resolution proposing or ratifying amendments to the constitution of the United States, the presiding or other officer designated by the rules of such house shall append to such bill or resolution a certificate, to be signed by him, which shall disclose the date of its passage in such house, and whether passed by the votes of a majority of all the members elected to such house or of two-thirds thereof, or of a majority of such members, three-fifths thereof being present. In addition, if any such *94 bill has been passed on a message required by the constitution, that fact also shall be stated, and if the message so specifies, the applicable portion of the constitution shall be identified. Upon the passage of a bill as to which a part becomes law immediately and a part requires further action by the governor, two copies shall be certified as above provided, one of which, upon final passage by both houses, shall be transmitted to the governor and the other to the secretary of state. No bills shall be deemed to have so passed unless certified in the manner provided by this section, which certificate to such effect shall be conclusive evidence thereof.” (Italics mine.)
Finally, I am also of the opinion that the notice requirements of section 33 of the New York City Charter were substantially complied with in adopting the city messages. As alleged in the complaint, section 33 required publication of notice of a meeting of the council one day in advance of the meeting date. The meeting held on March 31, 1955, was held on the day of publication of the notice, but the meeting was recessed to the following day, April 1st. The action of the council when all the members were present with the exception of one who was excused, concurring in the city messages, was talien at this later meeting one day after publication of the notice of the meeting. This would appear to be a substantial compliance with the charter provision for one-day notice (cf. Salducco v. Etkin, 268 N. Y. 606, 608; Bramley v. Miller, 270 N. Y. 307; Commission of Public Charities of Hudson v. Wortman, 255 App. Div. 241, 245).
Plaintiffs’ further objection that the council in considering the proposed home rule messages violated the terms of its own rules is also without force. Since the council’s record shows that the council by more than two-thirds vote agreed to consider the home rule messages it in effect overruled the objections which were made to such proceedings.
Defendants’ motion for the relief sought is granted (cf. German Masonic Temple Assn. v. City of New York, 279 N. Y. 452). Settle order.