James S. Brown, J.
Motion by defendants to dismiss the complaint for insufficiency.
This is.a taxpayers’ action under section 51 of the General Municipal Law against the City of New York and members of its Board of Estimate, wherein the plaintiffs demand judgment that “ reports, consents and resolutions of the [City Planning] Commission and the Board of Estimate referred to in the complaint be declared illegal, null and void and of no effect,” and that the defendants be permanently “ restrained from prosecuting the 7th Avenue expressway to the proposed Narrows Bridge and from performing contracts, reports, consents and resolutions referred to in the complaint and from obtaining moneys therefor and from exercising the right of eminent domain. ’ ’
The complaint states that in June, 1958, by communication from the Chairman of the Port of New York Authority, “ the proposal for the approval of the 7th Avenue expressway to the proposed Narrows Bridge was submitted by the Board of Estimate to the [City Planning] Commission and “ that the Port of New York Authority recommended to the Commission that it give its consent and approval to the 7th Avenue approach ” and that the commission recommend the same to the Board of Estimate; and that in August, 1958 the commission approved *979 the communication and made the recommendation to the Board of Estimate.
The complaint refers to chapters 806-809 of the Laws of 1955 and alleges that the illegality and impropriety of the actions by the Board of Estimate “ consists in the fact that the Board of Estimate will attempt to approve the 7th Avenue approach to the proposed Narrows Bridge, a matter concerning which under the laws of the State of New York and the applicable decisions of the courts of the State of New York it has no jurisdiction whatsoever.”
In the affidavit of the individual plaintiff attached to the order to show cause upon which a motion for a temporary injunction was made herein, the movant states:
The State Legislature of New York in the 1955 session passed legislation which was signed into law and became Chapters 806-809 inclusive of the laws of 1955. This legislation was considered a package legislation. That besides permission to construct the Narrows Bridge by the Port of New York Authority, other permission was given to the Port of New York Authority to improve and build several other bridges which are not affected by this proceeding. The Port of New York Authority being a bi-state agency, had to receive permission not only from the New York Legislature but also the New Jersey Legislature to erect the Narrows Bridge. The questions as to the approaches to the proposed Narrows Bridge were not specifically pointed out in the law except that the law did give the City of New York (the Board of Estimate) the right to condemn property. Subsequent to the enactment of this legislation, a lawsuit was started by one of the plaintiffs, namely, the Save Bay Ridge Committee, Inc., on the ground that the “home rule” message of the City of New York to the State Legislature was defective. Defendants herein then moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action and for a judgment in favor of defendants declaring such statutes in all respects constitutional. This motion was heard by the Hon. Henry Martuscello, a Justice of the Supreme Court, Kings County, on May 7th, 1956. Briefly, the Court held in the decision that the statutes herein referred to, namely, Chapters 806-809 of the laws of 1955 related to matters of state concern and were not subject to home rule requirement of the State Constitution. * e * It is the contention, therefore, of your deponent and the plaintiffs herein that the Board of Estimate of the City of New York has no jurisdiction in approving the 7th Avenue expressway on the grounds that this is a matter of state concern and that this affects a state arterial highway system and that the Legislature of the State of New York is the only legislative body that has a right to decide the approaches to the proposed Narrows Bridge.
The defendants in their brief retort:
The affidavits submitted in opposition to the motion clearly demonstrates that everything that has taken place has been in scrupulous adherence to the provisions of the City Charter and the Highway Law (Highway Law, § 349-c). It is equally clear that the law confers upon the City, through its appropriate agency, the power to decide the plan and design of the approaches to the contemplated Narrows Bridge. As the plaintiffs admit, the legislature recognized the City’s power to lay out the route of the approaches by specifying *980 in Highway Law § 349-f, the termini of the approaches, but did not map out the exact routes. The Highway Law expressly recognizes, too, the power of the City to acquire the land necessary for such approaches, by condemnation or otherwise. Highway Law § 349-c, subd. 3.3.
Plaintiffs rely upon the afore-mentioned decision of Mr. Justice Mabtusoello in Whalen v. Wagner (2 Misc 2d 89, affd. 3 A D 2d 936, affd. 4 N Y 2d 575) wherein the plaintiffs (other taxpayers) sought to restrain the city authorities from taking steps to implement these chapters 806-809. While those plaintiffs alleged in their complaint that chapters 807-808 were unconstitutional, according to the decision of Mr. Justice Mabtusoello (p. 91), they did not press that point but directed “ their arguments to the validity of the home rule messages insofar as they relate to chapters 806 and 809, because of the alleged failure to comply with the applicable law pertaining to the introduction, adoption and enactment of such home rule messages.”
After quoting verbatim section 11 of article IX of the State Constitution, the court at pages 91-92 of that decision said:
Under the above constitutional provision it is only as to laws in relation to the “ property, affairs or government of any city ” that a request must be made by the mayor or the local legislative body for the legislation in question.
Consequently, the first question that presents itself here, is whether chapters 806 to 809 inclusive relate to the “property, affairs or government of any city ” within the meaning of the above constitutional provision. If these four statutes relate to matters of State concern, then the Legislature was free to act without a city message; if not, then there must be a compliance with the constitutional provision (Adler v. Deegan, 251 N. Y. 467).
While it is true that city streets and highways are local matters and are property relating to the affairs of the city, the statutes in question deal with bridges and highways which are essential connecting links in a co-ordinated State highway system. It is clear that these statutes, all approved on the same day, were enacted for only one purpose, namely, the improvement of intrastate and interstate vehicular transportation. In the circumstances it would seem to me that they involve matters of State concern.
Plaintiffs also call attention to the following language of the Court of Appeals in its decision affirming Mr. Justice Mabtuscello, when in referring to existing or contemplated routes to New Jersey, that court stated (4 N Y 2d 485): “ All of these projects are joined together in chapters 806-809 of the Laws of 1955, they are all part of an interstate project or projects and consequently are matters of State concern.”
Plaintiffs then insist that since the Court of Appeals has held this bridge and its connecting highways to be a matter of State concern, the defendants “ are completely without authority to authorize or approve the Seventh Avenue expressway to the proposed Narrows Bridge.”
*981 An agreement with this conclusion would require the court to ignore the reference on page 583 of the same decision of the Court of Appeals where it refers to the case of Adler v. Deegan (251 N. Y. 467):
Chief Judge Cardozo in a concurring opinion, which, like Judge Crane’s opinion, spoke for the court, summarizes the standard of judgment governing whether the Home Rule amendment applies, saying (p. 491) : “ The test is rather this, that if the subject be in a substantial degree a matter of State concern, the Legislature may act, though intermingled with it are concerns of the locality. Measured by that test, this statute must prevail. I do not say that an affair must be one of city concern exclusively to bring it within the scope of the powers conferred upon the municipality by section 3 of the Home Rule article and section 11 of the City Home Rule Law in eases where the State has not undertaken to occupy the field. 1 assume that if the affair is partly State and partly local, the city is free to act until the State has intervened. As to concerns of this class there is thus concurrent jurisdiction for each in default of action by the other. The power of the city is subordinate at such times to the power of the State, but may be exerted without restraint to the extent that the two can work in harmony together.” (Emphasis supplied.)
In subjecting the situation presented to the above test, it becomes apparent that the selection of this approach is an affair partly State and partly city and, since the two have been working in harmony, the power of the city may continue to be exerted without restraint.
The defendants take the position that section 349-f and subdivision 3.3 of section 349-c of the State Highway Law confer upon the city the sole power to decide the plan and design of the approaches to said bridge. Said section 349-f, as revised by said chapter 809 of the Laws of 1955, is entitled “An Act to amend the highway law in relation to New York city routes on the state arterial highways passing through cities ” and reads in part: “ § 349-f. New York City routes. The following existing or proposed main routes or thoroughfares are designated herein as aforesaid, viz.: * * * Gowanus Expressway from Narrows Bridge to Third Avenue at Gowanus Parkway
It will be noted that “ Narrows Bridge ” and “ Third Avenue at Gowanus Parkway” are the termini of the proposed “Gowanus Expressway” which is another name for this so-called 7th Avenue approach. The distance between these two termini is over two miles and there is nothing in this statute to indicate the route which such approach is required to take. Defendants contend that this omission amounts to recognition by the Legislature of the city’s power to select the route.
Defendants also rely upon said subdivision 3.3 of section 349-c of that same article of the State Highway Law as recognition of the power of the city to acquire land for such approaches by condemnation or otherwise. That section provides in part;
*982 Any property which is deemed by the [State] superintendent of public works and the city of New York to be necessary to carry out the provisions of this article shall be acquired by the city of New York by condemnation, purchase or otherwise • * *. Where the property is acquired by condemnation, the approval of the [State] superintendent of public works shall first be required, and the liability of the state shall thereafter be. determined by the amount of damages awarded by the court for the property acquired * * ®, The city shall assume responsibility * * * for making good any defects in title which may at any time be found to exist. The city shall hold the state harmless against any claims arising in respect to title to any property heretofore acquired and used or to be used for such arterial system, and also against any claims arising from the acquisition of property and any liability incurred by reason thereof, or by reason of the adverse effect of construction on adjacent property values, in case such claims exceed the expressed liability of the state as hereinbefore provided. Nothing in this section shall, however, preclude the city from acquiring, subject to the city charter and administrative code, all or any part of the property needed for the system in the event that sufficient state funds are not available, or if the [State] superintendent of public works has not filed with the board of estimate of the city of New York the estimate above referred to, or has not approved condemnation, and it is deemed desirable by the city to acquire title promptly to expedite completion of all or parts of the system, but no liability shall be created thereby or deemed to have been assumed by the state in such event.
Since both sections must be read together, the first sentence of said subdivision 3.3 of section 349-c, in my opinion, destroys the contention of the defendants as to the city’s having the sole power to select the exact route and reinforces the conclusion that in this matter of selection the power of the city is subordinate to the power of the State but may be exerted without restraint to the extent that the two can work in harmony together.
That this harmony exists is evidenced by the “ report on Narrows Bridge Brooklyn Approaches ” which contains a copy of a letter dated February 20, 1958 addressed to the Governor, from the Superintendent of the Department of Public Works of the State of New York which reads in part: ‘ ‘ The recommended route location represents the unanimous considered judgment of the Triborough Bridge and Tunnel Authority, the Port of New York Authority, consultant engineering firms and this Department.”
Defendants’ contention that all action that has been taken by the city has been in compliance with the City Charter and section 349-c of the Highway Daw is well taken. Accordingly, the motion to dismiss the complaint for insufficiency is granted.
This disposition makes unnecessary any exploration of defendants’ further contention that the complaint should be dismissed because the action is premature.
Submit order.