JOHN C. SPENCER, Appellant, *v.* JOHN MERCHANT, Respondent.

The legislature has power to determine the amount of a tax for a local improvement, and the property to be assessed therefor; and its action in these respects is conclusive. It may also impose one portion of the cost upon one designated district and the balance upon another.

Where, therefore, after an assessment for a local improvement had been adjudged invalid, because of the unconstitutionality of the act under which it was made * (Chap. 217, Laws of 1869, as amended by chap. 619, Laws of 1870), the legislature, by statute (Chap. 689, Laws of 1881) fixed the amount of the cost and expenses remaining unpaid by reason of the cancellation of the original assessment not paid, and directed the same to be apportioned among and levied upon the several parcels of lands originally assessed, the assessments against which had been so canceled, and directed due notice to be given to the land-owners of the time and place of making the apportionment. *Held,* that the act was constitutional; that the land-owners were not entitled to a hearing as to the aggregate to be collected, as the legislature had determined this and its determination could not be reviewed or changed; and that the hearing provided for was all to which they were entitled.

(Argued October 30, 1885; decided December 8, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 10, 1884, which directed judgment in favor of defendant upon a case submitted under section 1279 of the Code of Civil Procedure.

Plaintiff sought to compel defendant to perform a contract for the purchase by him of certain premises in the town of New Lots, Kings county. Defendant refused to take title and complete the purchase because of an assessment upon the land, imposed under and in pursuance of chapter 689 of the Laws of 1881. Plaintiff claimed this act to be unconstitutional and the assessment void.

*Matthew Hale* for appellant. The act of 1881 is unconstitutional, inasmuch as it transcends the power of the legislature in the attempted discrimination between the different parcels

---

* See *Stuart* v. *Palmer,* 74 N. Y. 183.

of land benefited by the improvement. (*Stuart* v. *Palmer*, 74 N. Y. 183 ; *In re N. Y. Prot. E. Public School*, 75 id. 324; 74 id. 189.) In the case of the imposition of a local tax upon a community the benefit sought to be obtained therefrom must be direct and immediate to the members of such local . taxed community, and not remote, collateral or consequential. (*Weismer* v. *Village of Douglas*, 64 N. Y. 91 ; *Horn* v. *New Lots*, 83 id. 100.) The law of 1881 is void as not expressing its object in its title, and as including two objects within its scope. (*People* v. *Briggs*, 50 N. Y. 550 ; *In re Van Antwerp*, 56 id. 267.) Chapter 689, Laws of 1881, is void upon general constitutional principles, being an attempt to levy a tax not on a certain district or locality, but upon certain individuals, without any opportunity to be heard as to the total amount of the assesssment. (Cooley on Const. Lim. [4th ed.] 616, 617; Cooley on Tax. 182, 157, 288 ; 2 Kent's Com. 331 ; *Gordon* v. *Carnes*, 47 N. Y. 608 ; *Stuart* v. *Palmer*, 84 id. 188 ; Cooley on Const. Lim., § 115 ; *Denny* v. *Mattoon*, 2 Allen, 861 ; *Mayor, etc.* v. *Thorn*, 26 Md. 194 ; *Butler* v. *Saginaw*, 26 Mich. 25 ; *Tifft* v. *Buffalo*, 82 N. Y. 204, 210.) The legislature cannot validate an unconstitutional act or any act which it might not have previously authorized. (Cooley on Const. Lim. [4th ed. p. 477], 381 ; *Albany City Nat. Bank* v. *Maher*, 9 Fed. Rep. 884.) The sums attempted to be levied on the lands in question are so levied without reference to special benefits to the lots assessed. (*O'Brien* v. *Young*, 95 N. Y. 428.)

*M. G. Swart* for respondent.

FINCH, J. Two objections to the constitutionality of the act of 1881, which authorized the assessment in dispute, lie at the foundation of this appeal ; and are in substance that the statute gives no hearing to the land-owner as to the amount to be realized and paid ; and that the assessments are levied irrespective of benefits to the lots assessed. By the act of 1869 (Chap. 217) as amended by that of 1870 (Chap. 619), Atlantic avenue,

was opened through the town of New Lots, and the compensation for the land taken, and the expense of grading and regulating were imposed by two separate assessments upon a designated district determined by the legislature to have been specially benefited by the improvement. The assessment for grading and regulating gave no notice or hearing to the land-owner and for that reason was held to be invalid. (*Stuart* v. *Palmer*, 74 N. Y. 183.) Some of these assessments appear to have been paid, but a portion of them were canceled, and as a consequence returned by the collector to the treasurer of Kings county, and by him to the State comptroller, whereby the State became the creditor of Kings county for an amount which it was the object of the act of 1881 (Chap. 689) to collect and pay with the interest accrued thereon.

The act of 1881 determines absolutely and conclusively the amount of tax to be raised, and the property to be assessed and upon which it is to be apportioned. Each of these things was within the power of the legislature whose action cannot be reviewed in the courts upon the ground that it acted unjustly or without appropriate and adequate reason. (*Litchfield* v. *Vernon*, 41 N. Y. 123, 141; *People* v. *Brooklyn*, 4 id. 427; *People* v. *Flagg*, 46 id. 405; *Horn* v. *Town of New Lots*; 83 id. 100; Cooley on Tax. 450.) The legislature may commit the ascertainment of the sum to be raised and of the benefited district to commissioners, but is not bound to do so, and may settle both questions for itself; and when it does so its action is necessarily conclusive and beyond review. Here an improvement has been ordered and made; the expense of which might justly have been imposed upon adjacent property benefited by the change. By the act of 1881, the legislature imposes the unpaid portion of the cost and expense with the interest thereon upon that portion of the property benefited which has thus far borne none of the burden. In so doing it necessarily determines two things, viz., the amount to be realized, and the property specially benefited by the expenditure of that amount. The lands might have been benefited by the improvement, and so the legislative determination that they

were, and to what amount or proportion of the cost, even if it may have been mistakenly unjust, is not open to our review. The question of special benefit and the property to which it extends is of necessity a question of fact, and when the legislature determines it in a case within its general power, its decision must of course be final. We can see in the determination reached possible sources of error and perhaps even of injustice, but we are not at liberty to say that the tax on the property covered by the law of 1881 was imposed without reference to special benefits. The legislature practically determined that the lands described in that act were peculiarly benefited by the improvement to a certain specified amount which constituted a just proportion of the whole cost and expense; and while it may be that the process by which the result was reached was not the best attainable and some other might have been more accurate and just, we cannot for that reason question an enactment within the general legislative power. That power of taxation is unlimited except that it must be exercised for a public purpose. (*Weismer* v. *Village of Douglas*, 64 N. Y. 91.) Certainly if the acts of 1869 and 1870 had never been passed but the improvement of Atlantic avenue had been ordered, the legislature might have imposed one part or proportion of the cost upon one designated district and the balance upon another. Practically just that was done in this case. *In the Matter of Van Antwerp to Vacate* (56 N. Y. 261) an assessment for a street improvement had been declared void by reason of failure to procure necessary consents of property owners. The legislature made a reassessment, imposing two-thirds of the expense upon a benefited district and one-third upon the city at large. The act was held valid as a new assessment and not an effort to validate a void one.

These views furnish also an answer to the objection that the only hearing given to the land-owner relates to the apportionment of the fixed amount among the lots assessed, and none is given as to the aggregate to be collected. No hearing would open the discretion of the legislature, or be of any avail to review or change it. A hearing is given by the act as to the

apportionment among the land-owners, which furnishes to them an opportunity to raise all pertinent and available questions and dispute their liability, or its amount and extent. The precise wrong of which complaint is made appears to be that the land-owners now assessed never had opportunity to be heard as to the original apportionment, and find themselves now practically bound by it as between their lots and those of the owners who paid. But that objection becomes a criticism upon the action of the legislature and the process by which it determined the amount to be raised and the property to be assessed. Unless by special permission that is a hearing never granted in the process of taxation. The legislature determines expenditures and amounts to be raised for their payment, the whole discussion and all questions of prudence and propriety and justice being confined to its jurisdiction. It may err, but the courts cannot review its discretion. In this case it kept within its power when it fixed, first, the amount to be raised to discharge the improvement debt incurred by its direction, and second when it designated the lots and property which in its judgment by reason of special benefits should bear the burden, and having the power we cannot criticise the reasons or manner of its action. The land-owners were given a hearing, and so there was no constitutional objection in that respect. Nor was that hearing illusory. It opened to the land-owner an opportunity to assail the constitutional validity of the act under which alone an apportionment could be made, and that objection failing, it opened the only other possible questions, of the mode and amounts of the apportionment itself. We think the act was constitutional.

The judgment should be affirmed, with costs.

All concur, except RAPALLO and EARL, JJ., dissenting.

Judgment affirmed.