Clement, J.
It is claimed that chapter 114 of the Laws of 1883 is unconstitutional on these grounds:
First. Because the act does not provide for any apportionment of the taxes, assessments or water rates to be levied thereunder, and in that it requires their levy upon a portion only of the city.
Second. Because the act provided for a notice of intention to levy by the assessors which did not describe .the owner and did not designate the land to be affected.
Third. Because the act did not require the registrar of arrears to advertise the property by block and lot numbers on the ward map, or in some way to describe the property in the advertisement of sale.
The first objection has been repeatedly passed upon by the court of appeals adversely to the contention of the counsel for the appellant. The precise question has been reviewed and decided by that court in Spencer v. Merchant (100 N. Y., 585), which case was subsequently taken to the supreme court of the United States and there affirmed. Spencer v. Merchant, 125 U. S., 345.
We think, also, that the second constitutional objection to the act has been decided by the court of appeals. Judge Earl says (Stuart v. Palmer, 74 N. Y., 183, 188), “The legislature may prescribe the kind of notice, and the mode in which it shall be given, but it cannot dispense with all notice.” The act in question requires notice by advertisement to be given to all owners of land, affected by any arrears, of the intention to re-levy, and provides for a hearing after such notice. In the case above referredto (Stuart v. Palmer), it was decided, not that the property owner was entitled to a personal notice, but that the act there under review, did not provide for any notice of hearing to the property owner, either actual or constructive, and it was there held that the legislature could fix the form of notice to be given.
The third objection to the act is not well taken. The sale of land for taxes is analogous to the sale of real property by a sheriff, and there ai’e many authorities holding that a sale under execution, is valid, though the same has not been advertised. Sections 1386 and 1436 of the Code of Civil Procedure were copied from the Revised Statutes. Judge Cooley says (Cooley on Taxation (2d ed.], p. 482), “There *374 is no constitutional provision entitling one to notice in a particular mode; what the statute has made sufficient must be deemed so.”
Another point made by counsel is that the notice of sale was defective, because it did not describe the property. The opinion in Eaton v. Reed, printed as a part of the brief of counsel for the appellant, refers to a notice of sale attempted to be given under section 8, chapter 370, Laws 1854 and is not in point, for that section did not prescribe the form of notice to be given. The supervisor of Flatbush was required to post written notices, in four public places in the town, that, at the time and place specified in the notice, he would sell at public auction the lands on which the assessment remained unpaid. The court held that, under the statute, it was necessary to advertise the lands by a description, and that an advertisement by assessment number was not a compliance with it. We are of opinion that the notice of sale in the present cases complied with the letter of the statute and was, therefore, valid.
The judgments appealed from must be affirmed, with costs.
Van Wyck, J., concurs.