# Cases

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## December, 1889.

---

IN THE MATTER OF THE APPLICATION OF ROSWELL P. FLOWER FOR AN ORDER DIRECTING FREDERICK W. BLECKWENN, AS TREASURER, ETC., OF LONG ISLAND CITY, TO CANCEL CERTAIN WATER RATES.

*Power of the legislature to itself relevy a tax, which was imposed under an unconstitutional statute which did not provide for notice to the parties assessed.*

Where water rates have been imposed upon property under an act, unconstitutional because of its affording no notice to the taxpayers of the assessment for the tax, the legislature has power to confirm the water taxes and levy them on the several pieces of land on which they were theretofore assessed under such unconstitutional act.

*Stuart* v. *Palmer* (74 N. Y., 183) distinguished.

The legislature may refer the question as to the sum to be raised and as to the district benefited, to commissioners; but it is not bound to do so, and may settle both questions for itself.

APPEAL by Frederick W. Bleckwenn, treasurer and receiver of taxes of Long Island City, from an order of July 19, 1888, made at a Special Term held in Kings county, which directed the treasurer and receiver of taxes of Long Island City, within five days after the service of a copy of such order, to cancel, upon the rolls and records in his office, certain water rates then unpaid and of record upon certain lots of land in the first ward in said city in said order specified.

This proceeding was instituted under the provisions of section 10 of chapter 656 of the Laws of 1886, providing that where the

invalidity or irregularity of any water rates appears on the face of the proceedings, any party in interest may apply to any court of competent jurisdiction for an order canceling the same.

It was claimed in this case that title 10 of chapter 461 of the Laws of 1871, purporting to authorize the assessment of certain water rates, was unconstitutional.

*W. J. Foster,* for the appellant Bleckwenn.

*J. Ralph Burnett* and *Eliphalet Nott Anable* for respondent Flower.

BARNARD, P. J.:

By the charter of Long Island City vacant lots were subject to rents for water. Title 10, section 9, subdivision 4 of chapter 461, Laws of 1871, seems to refer to lots which had buildings on them. The act, section 12, subdivision 1, title 10, required the rents to be assessed upon building " or vacant lot " chargeable with water rent. By chapter 415, Laws of 1875, and by chapter 100, Laws of 1879, and by chapter 684, Laws of 1881, the water rents are put upon lots, vacant or otherwise.

By the charter of 1871, a board of water commissioners was authorized to assess the water rents, and no notice was provided for to the taxpayers. The list was made out and filed and notice given to the taxpayers, who were then bound to pay the assessment to the city treasurer. The tax was invalid. (*Remsen* v. *Wheeler*, 105 N. Y., 573.)

The legislature confirmed the water taxes and levied them on the several pieces of land on which they were heretofore assessed, or appeared of record to have been so assessed or charged. (Laws of 1882, chap. 383, §§ 1, 2; Laws of 1886, chap. 656, § 15.) The legislature had the power to impose a tax in this way. The question was directly presented in *Matter of Van Antwerp* (56 N. Y., 261). The court says: " It is also objected that it is not competent for the legislature to validate a void assessment, and that it could only authorize a reassessment. The answer to this is that the legislature did not attempt to legalize the old assessments, but itself exercised the power of making new assessments. The old assessments are referred to, not for the purpose of adoption, but for the purpose of

fixing the specific amount by the proportion specified; and the act expressly levies that amount as a tax."

This doctrine is not touched in the case of *Stuart* v. *Palmer* (74 N. Y., 183). The power of the legislature to tax is only limited by an apportionment of the burden. It is not denied that the legislature may not only tax, but apportion the burden among the property owners. In *Remsen* v. *Wheeler* (105 N. Y., 573), there was no act of the legislature validating the void tax. In *Spencer* v. *Merchant* (100 N. Y., 585), the Court of Appeals say: "The act of 1881 determines absolutely and conclusively the amount of tax to be raised and the property to be assessed, and upon which it is to be apportioned. Each of these things was within the power of the legislature, whose action cannot be reviewed in the courts upon the ground that it acted unjustly or without appropriate and adequate reason." *   *   *

"The legislature may commit the ascertainment of the sum to be raised and of the benefited district to commissioners, but it is not bound to do so, and may settle both questions for itself; and when it does so, its action is necessarily conclusive and beyond review."

These remarks were made in a case where the legislature had reassessed the tax originally imposed under a void law.

The order should, therefore, be reversed, with costs and disbursements.

Dykman, J., concurred.

Order reversed, with costs, and motion denied, with costs.