Clare J. Hoyt, J.
Petitioners, residents and qualified electors of the Village of Scarsdale, New York, bring this proceeding under article 78 of the CPLB to compel respondents to conduct a referendum with respect to Local Law No. 1 of 1963 or, in the alternative, to declare chapter 897 of the Laws of 1963 and said *677 Local Law No. 1 of 1963 to be unconstitutional and to prohibit respondents from discontinuing the use as park lands and for park purposes the land affected by said Local Law No. 1 of 1963.
In 1938 the Village of Scarsdale acquired by purchase a parcel of land on Chase Pond in said village ‘1 for the public purpose of the Village, to wit: a public park”. Said parcel is designated on the Tax Assessment Map of the village as Lot 14, Block 4, Section 2 and will hereafter be referred to as “ Lot 14 ”.
On January 29, 1963 respondents adopted a resolution approving a proposal to use Lot 14 (and certain other lands) for an off-street parking lot and directed the Village Attorney to arrange for the introduction of the then current session of the State Legislature of appropriate legislation authorizing the village to use Lot 14 for parking purposes. Thereafter, respondents authorized the Mayor of the village to present to the State Legislature a home rule request for legislation discontinuing the use of Lot 14 as a park. The Mayor on February 26, 1963 executed a request for the enactment of legislation authorizing the Village of Scarsdale to discontinue use of Lot 14 for park purposes. The request declared “ that a necessity exists for the enactment of such legislation for the following reasons: 1) That the village has not the power to enact such legislation by local law.” On April 30, 1963, chapter 897 of the Laws of 1963 was enacted, effective immediately, authorizing the Village of Scarsdale, by ordinance or local law, to ‘ ‘ discontinue as park lands the lands hereinafter described [Lot 14] and heretofore acquired by such village for park purposes and not used, needed or useful for park purposes ”.
Respondents then, on November 26, 1963, pursuant to chapter 897 of the Laws of 1963, enacted Local Law No. 1 of 1963 discontinuing as park lands Lot 14. On the same day, respondents adopted a resolution which rescinded the action of the Board of Trustees taken on January 29, 1963 approving the use of Lot 14 for an off-street parking lot.
Thereafter, there was duly filed with respondents a petition protesting Local Law No. 1 of 1963 and requesting a referendum be held on said local law. Respondents rejected the petition which rejection has given rise to this proceeding.
In seeking to compel respondents to conduct a referendum on Local Law No. 1 of 1963 petitioners contend that such referendum must be held under the provisions of section 16 and subdivision 6 of section 17 of the Village Home Rule Law. (Effective January 1, 1964, sections 16 and 17 of the Village Home Rule Law were repealed and section 24 of the Municipal Home *678 Buie Law was substituted therefor. However, since the matters herein occurred during 1963 the court must apply the provisions under the former law.)
Under subdivision 6 of section 17 of the Village Home Buie Law a local law is subject to referendum on petition where such local law “ Changes a provision of law relating to the alienation or leasing of village property.” Petitioners argue that the discontinuance of the use of Lot 14 as a park constitutes an “ alienation of village property”.
This argument is untenable. Local Law No. 1 of 1963 does nothing more than authorize the discontinuance as park lands of Lot 14. It does not commit such lot to use for off-street parking purpose or for any other purpose. The enactment of the local law permits respondents to use such lot for public purposes as the need arises. After the enactment of the local law, respondents immediately rescinded the approval previously given to use said lot for off-street parking. Local Law No. 1 has not affected the ownership, possession or control of Lot 14. It is still owned, possessed and controlled by the Village of Scarsdale to be used in a manner to be determined by respondents which determination, of course, is subject to judicial review. The enactment of Local Law No. 1 did not constitute an “ alienation or leasing of village property.”
Failing to obtain a referendum, petitioners, in the alternative, seek to have the court declare chapter 897 of the Laws of 1963 and Local Law No. 1 of 1963 unconstitutional. Petitioners contend that the enabling act passed by the Legislature (L. 1963, ch. 897) was invalid by reason of respondents’ failure to comply with section 16 of article IX of the New York State Constitution and section 22 of the Village Home Buie Law (now section 40 of the Municipal Home Buie Law). Both sections basically provide that the request for passage of an enabling law shall declare that a necessity exists for the passage of such bill by the Legislature and shall recite the facts establishing such necessity. Petitioners maintain that the Mayor’s request did not recite the facts establishing such necessity.
This argument also must fail. The request form specifically recited as a reason for requesting enactment of enabling legislation “ [t]hat the village has not the power to enact such legislation by local law.” This is a fact establishing the necessity for such legislation.
'Section 22 of the Village Home Buie Law provides: “ The validity of an act passed by the legislature in accordance with such a request shall not be subject to review by the courts on the ground that the necessity alleged in the request did not *679 exist or was not properly established by the facts recited.” Thus, the court is without power to consider whether the village’s lack of power to enact legislation by local law properly or improperly established necessity. Further, section 57 of the Legislative Law provides that: ‘ ‘ The passage of any bill under article nine * * * [section] sixteen shall be conclusive as to the facts that a necessity as set forth in the request existed at the time of passage and that sufficient facts were set forth in said request to establish such necessity.”
The State Legislature by passing chapter 897 of the Laws of 1963 has certified that all requisite steps necessary for the passage of the law in question were properly carried out (see Whalen v. Wagner, 2 Misc 2d 89, affd. 3 A D 2d 936, affd. 4 N Y 2d 575).
Petitioners have failed to establish they are entitled to any of the relief sought. Accordingly, the petition is denied and the proceeding dismissed.