OPINION OF THE COURT
Kaye, J.
In 1983, in response to a special home rule request, the Legislature enacted a law redefining the boundaries of an established sewer improvement district within the Town of Highlands. Petitioners, whose property was affected by the statute, contend that they were denied due process of law because there was no notice or hearing prior to the Town’s request for the special legislation or the Legislature’s adoption of it. We conclude that petitioners were not entitled to notice or a hearing, and therefore reject their contention.
Pursuant to Town Law § 209-q, in August 1981 the Town of Highlands established the Fort Montgomery Sewer Improvement Area for the purpose of constructing a sanitary sewer system within its boundaries. After affording the public an opportunity to inspect a map, plan and report of an engineering consultant and conducting a public hearing, the Town Board on August 31, 1981 approved the project. The resolution recited the maximum amount to be expended, the anticipated financing, and the boundaries of the benefited area. Nearly two years later, in Spring 1983, while preparing advertisements for construction bids, it became apparent to the Town that the boundaries had been incorrectly drawn: they ran across certain lots rather than along property lines. As a result, only a portion of those properties could be assessed the benefit charges even though the whole lots would enjoy the improvements.
The Town set about correcting its error. While the Town Law itself provides a mechanism for changing boundaries of a proposed improvement area (see, Town Law § 209-q [4]), that mechanism was unavailable because of the passage of time, and the Town was of the view that it lacked power to effect the necessary change. By its chief executive officer, with the concurrence of a majority of the membership of the local legislative body, the Town submitted a request to the Legislature for a "special” or "home rule” law (see, NY Const, art IX, § 2 [b] [2]; Municipal Home Rule Law § 40), representing in its request that it did not have the power to enact such legislation by local law. The memorandum submitted in support of the bill describes the Town’s error and recites as justification *307 for the proposed law that certain property owners would otherwise "reap the benefit of the municipal sewer for their property but the Town will not be able to assess benefit charges against the whole parcel of property.” (Assembly Mem in Support of Legislation, Governor’s Bill Jacket, L 1983, ch 755.) By chapter 755 of the Laws of 1983, the Legislature complied with the Town’s request, enacting a statute that simply describes the property included within the improvement area. Petitioners’ property, previously only partly within the district, thus was brought wholly within it.
Public hearings ensued regarding cost and assessments. Thereafter, on November 12, 1985 the Town Board increased the amount proposed to be expended for the improvements, adopted a system designed to spread the charges among the benefited properties, and approved the proposed assessment roll.
Petitioners commenced the present article 78 proceeding against the Town to invalidate the assessment on grounds that the legislation was invalid and the assessment disproportionate to the benefit received. Supreme Court dismissed the petition, concluding that there was no support for either challenge. After converting the proceeding to a declaratory judgment action (CPLR 103 [c]), the Appellate Division reversed and declared the statute unconstitutional. Relying upon Stuart v Palmer (74 NY 183 [1878]), the court concluded that petitioners had been denied due process of law under the State and Federal Constitutions because they did not have notice or an opportunity to be heard prior to enactment of the statute. On the Town’s appeal, we now reverse.
The right of landowners to notice and a hearing before the boundaries of an improvement district are fixed so as to include their property generally depends upon whether the act of creating the district is in the nature of a "legislative” or "judicial” proceeding (see, Withnell v Ruecking Constr. Co., 249 US 63, 68-69; New York Cent. & Hudson Riv. R. R. Co. v City of Rochester, 198 NY 570, affg on opn at 129 App Div 805; see also, Parsons v District of Columbia, 170 US 45, 52-56; 70A Am Jur 2d, Special or Local Assessments, § 145, at 1248-1249 [1987]).
In a "legislative” proceeding, district boundaries are established by statute, as an incident of the Legislature’s power to determine that a public improvement should be made and to define the district to be benefited. In such instances, a land *308 owner is not entitled to notice or a hearing prior to the creation of a district that includes its property (see, Chesebro v Los Angeles County Dist., 306 US 459, 463-464; Valley Farms Co. v Westchester, 261 US 155, 164, affg 231 NY 558, affg sub nom. Valley Farms Co. v City of Yonkers, 193 App Div 433; Hancock v City of Muskogee, 250 US 454, 457; Wagner v Baltimore, 239 US 207, 219; New York Cent. & Hudson Riv. R. R. Co. v City of Rochester, 129 App Div 805, 807, supra). The Legislature is deemed "to have made proper inquiry, and to have finally and conclusively determined the fact of benefits to the land included in the district, and the citizen has no constitutional right to any other or further hearing upon that question.” (Fallbrook Irrigation Dist. v Bradley, 164 US 112, 174-175; Chesebro v Los Angeles County Dist., supra, at 464-465.) "A legislative act of this nature can be successfully called in question only when it is so devoid of any reasonable basis as to be essentially arbitrary and an abuse of power.” (Embree v Kansas City Rd. Dist., 240 US 242, 250-251; Spencer v Merchant, 100 NY 585, 587-588, affd 125 US 345.)
By contrast, where the Legislature does not itself fix the boundaries of the local improvement district but instead authorizes that power to be exercised by a subordinate body, something more in the nature of a judicial-type inquiry is indicated; the owners of land affected by the improvement must at some stage of the proceeding be accorded notice and an opportunity to be heard as to the property benefited by the improvement (Matter of Floyd-Jones v Town Bd., 249 NY 398, 405 [citing Stuart v Palmer, 74 NY 183; Browning v Hooper, 269 US 396, 405]; Londoner v City & County of Denver, 210 US 373, 378).
The distinction is brought into bold relief by the history of Stuart v Palmer, the case relied on by the Appellate Division. That case involved a challenge to the Laws of 1869 (ch 217, §4), whereby the Legislature empowered a Commission of three persons to regulate, grade and prepare an avenue for travel, and for that purpose to take such land as was requisite, "estimate the value thereof, [and] assess the amount of the award upon the lands benefited by the opening of the avenue, in proportion to benefits.” (74 NY, at 185.) The statute did not require notice to the owners of the assessed property. The Commissioners assessed all the lands which in their judgment would be benefited by the improvement, including plaintiff’s. Plaintiff thereupon challenged the assessment on due process grounds and this court agreed, declaring the *309 statute unconstitutional because it did not provide plaintiff with notice or an opportunity to be heard in regard to the assessment (74 NY, at 188-190).
Shortly after the decision, however, the Legislature passed a statute directing that a sum equal to so much of the first assessment as had not been paid, with interest, and a proportionate part of the expenses of that assessment, be assessed upon and apportioned among the lots upon which the former assessment had not been paid. This statute, too, was challenged on due process grounds, in Spencer v Merchant (100 NY 585, affd 125 US 345). But in Spencer we upheld the statute, reasoning:
"The act of 1881 determines absolutely and conclusively the amount of tax to be raised, and the property to be assessed and upon which it is to be apportioned. Each of these things was within the power of the legislature whose action cannot be reviewed in the courts upon the ground that it acted unjustly or without appropriate and adequate reason. The legislature may commit the ascertainment of the sum to be raised and of the benefited district to commissioners, but is not bound to do so, and may settle both questions for itself; and when it does so its action is necessarily conclusive and beyond review.
* * *
"The precise wrong of which complaint is made appears to be that the land-owners now assessed never had an opportunity to be heard as to the original apportionment, and find themselves now practically bound by it as between their lots and those of the owners who paid. But that objection becomes a criticism upon the action of the legislature and the process by which it determined the amount to be raised and the property to be assessed. Unless by special permission that is a hearing never granted in the process of taxation. The legislature determines expenditures and amounts to be raised for their payment, the whole discussion and all questions of prudence and propriety and justice being confined to its jurisdiction.” (100 NY, at 587-589 [citations omitted].)
Thus, petitioners’ reliance on Stuart v Palmer (74 NY 183, supra) is misplaced. Stuart involved not a legislative act establishing district boundaries — as here — but an authorization to a subordinate body of Commissioners who both staked out the improvement area and determined the assessments to be imposed. Insofar as the Legislature in the present case itself established the district boundaries, "there was an autho *310 rized exercise of the legislative power of the State, which, according to repeated decisions of this court, was not wanting in due process of law because of the mere fact that there was no previous notice to the property owners or opportunity to be heard.” (Hancock v City of Muskogee, 250 US 454, 457, supra; see also, Valley Farms Co. v City of Yonkers, 231 NY 558, supra; Spencer v Merchant, 100 NY 585, supra.)
Petitioners nonetheless urge that, whatever may be true of legislative acts generally, this statute is unconstitutional because of the Town Board action that preceded it.
Petitioners do not question that the prescribed procedures were followed by the Town in lodging its request. The request was made by the Town’s chief executive officer, concurred in by a majority of the total membership of the local legislative body, and it relates to property, affairs or government of the Town which did not in terms and effect apply alike to other towns (Municipal Home Rule Law § 40). But Municipal Home Rule Law § 40 further requires that every request of a local government for enactment of a special law "declare that a necessity exists for the passage of such bill by the legislature and shall recite the facts establishing such necessity.” Petitioners claim that the facts presented by the Town Board to the Legislature to establish the requisite necessity were "illicitly conjured up,” and the request was therefore ultra vires and void.
Petitioners’ contention that there was no genuine basis for the Town Board’s request is expressly foreclosed by statute. Municipal Home Rule Law § 40 provides that "[t]he validity of an act passed by the legislature in accordance with * * * a [special home rule] request shall not be subject to review by the courts on the ground that the necessity alleged in the request did not exist or was not properly established by the facts recited.” Similarly, Legislative Law § 56 provides that the enactment of a special law pursuant to NY Constitution, article IX, § 2 (b) (2) "shall be conclusive as to the facts that (1) a necessity as set forth in the request existed at the time of enactment and (2) that sufficient facts were set forth in such request to establish such necessity.” Given these provisions, which are unchallenged, we must accept that the Legislature by its own act of adopting chapter 755 "has certified that all requisite steps necessary for the passage of the law * * * were properly carried out.” (Matter of Ferdon v Rogers, 43 Misc 2d 676, 679, affd 23 AD2d 851.)
*311 Finally, petitioners challenge the fairness of the assessment rate, claiming it is disproportionate to any benefit they may receive. That issue, however, was not considered by the Appellate Division, and it is not properly before us for review. Accordingly, the order of the Appellate Division should be reversed, with costs, chapter 755 of the Laws of 1983 should be declared constitutional, and the matter should be remitted to the Appellate Division for consideration of issues not previously reached.
Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed, with costs, chapter 755 of the Laws of 1983 declared constitutional, and matter remitted to the Appellate Division, Second Department, for consideration of issues not reached on the appeal to that court.