■ In the Matter of WEST BRANCH CONSERVATION ASSOCIATION, INC., Appellant, v PLANNING BOARD, TOWN OF RAMAPO, et al., Respondents.—Crew III, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (West, J.), entered May 11, 1990 in Rockland County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Planning Board of the Town of Ramapo granting final subdivision approval to Tanglewood Estates-West and respondent Joseph Laico.

Petitioner is a not-for-profit corporation located in Rockland County. One of its purposes is to protect the western watershed of the Hackensack River within the County. Respondents Orchards of Concklin and Concklin Farms own approximately 94 acres of agricultural land in the County that they are interested in selling to relieve them of financial difficulties and thereby avoid the threat of foreclosure. Respondents Graylynn Homes and Joseph Laico (hereinafter collectively referred to as the developers) seek to purchase the 94 acres of land in order to develop single-family dwellings thereon (hereinafter the subdivision). On August 9, 1988, respondent Planning Board of the Town of Ramapo classified the subdivision as a Type 1 action and determined that it would have no significant impact on the environment and would not require the preparation of a draft environmental impact statement. The Planning Board therefore issued a negative declaration relating to the subdivision. On November 1, 1988, the Planning Board granted final approval to the subdivision. Thereafter, petitioner commenced this CPLR article 78 proceeding asserting violations of the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) seeking to annul final approval of the subdivision. Supreme Court dismissed the petition and this appeal ensued.

Briefly, the facts dispositive of this appeal are as follows. The subdivision is divided into two portions of approximately 47 acres each and are designated Tanglewood Estates-West and Joseph Laico, respectively. The Tanglewood Estates-West portion is further partitioned into two sections. The first section is approximately 23 acres and will remain in its natural state as an orchard for an indefinite period of time. The second section is approximately 24 acres and will be used to construct 10 single-family dwellings. The Joseph Laico

portion is partitioned into three lots. The first lot is 2.5 acres and will be used to develop a single-family residence. The second lot is 19.5 acres and will be held by Laico himself, who may develop it at some point in the future. The third lot is 25 acres and will be used for agricultural purposes by the Conck-lins for at least 10 years.

On June 18, 1988, the Planning Board received a letter from Melissa Levi stating that an endangered plant grows in the subdivision. Later the same day, Levi appeared at the Planning Board's public hearing and raised the issue of the endangered plants. At the conclusion of the hearing, all interested parties were directed to submit relevant data concerning the subdivision by July 7, 1988. On July 7, 1988, the Planning Board received an affidavit from Levi describing her educational and work experience relating to plants. There was a letter dated July 6, 1988 attached to Levi's affidavit which specifically named three endangered plants and mentioned three other possible endangered plants located within the subdivision.

In *Matter of Schenectady Chems. v Flacke* (83 AD2d 460, 463), we stated that "an agency must comply with both the letter and the spirit of SEQRA before it will be found to have discharged its responsibility thereunder". We further stated that "[p]ermitting substantial compliance would not only frustrate the laudable purposes behind SEQRA, but would inevitably lead to numerous lawsuits wherein courts would be asked to weigh the acceptability of alternative procedures" *(supra,* at 463). In making a determination of significance, the lead agency must review the environmental assessment form, the criteria contained in 6 NYCRR 617.11 and any other supporting information to identify the relevant areas of environmental concern *(see,* 6 NYCRR 617.6 [g] [2] [ii]). In pertinent part, 6 NYCRR 617.11 (a) provides that "[t]hese criteria are considered indicators of significant effects on the environment: * * * (2) * * * substantial adverse effects on a threatened or endangered species of animal or plant, or the habitat of such a species". Additionally, "SEQRA insures that agency decision-makers—enlightened by public comment where appropriate—will identify and focus attention on any environmental impact of [a] proposed action" *(Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 414-415). We are mindful that our scope of review of SEQRA determinations is very limited *(supra,* at 416; *see, Matter of Orchards Assocs. v Planning Bd.,* 114 AD2d 850, 852, *appeals dismissed* 67 NY2d 717, 68 NY2d 808) and that the proper standard of review of such determi-

nations is "whether the agency identified relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis of its determination" *(Matter of Jaffee v RCI Corp.,* 119 AD2d 854, 855, *lv denied* 68 NY2d 607).

In the instant proceeding, the Planning Board was the lead agency and it classified the subdivision as a Type 1 action. It reviewed the environmental assessment form submitted by the developers and considered most of the significant indicators listed in 6 NYCRR 617.11. It is clear from the record, however, that Levi identified one other relevant area of environmental concern and brought it to the Planning Board's attention at a June 28, 1988 public hearing. The relevant area of concern involved threatened and endangered plants found to exist on the subdivision. The record is devoid of any evidence that the Planning Board took a hard look at the issue raised by Levi. Additionally, the record is devoid of any reasoned elaboration relating to the threatened or endangered plants by the Planning Board. Although we are not unsympathetic as to the effect our decision may have upon the Concklin family, the Planning Board's substantial compliance with SEQRA is insufficient. It must comply with both the letter and spirit of SEQRA before it will be found to have discharged its responsibility thereunder *(see, Matter of Schenectady Chems. v Flacke, supra).* Having failed to do so, we find that the Planning Board has violated SEQRA.

Weiss, J. P., Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted and matter remitted to respondent Planning Board of the Town of Ramapo for further proceedings not inconsistent with this court's decision.