■ In the Matter of CHARLES SEGAL et al., Appellants, v TOWN OF THOMPSON et al., Respondents.—Casey, J. Appeals (1) from a judgment of the Supreme Court (Torraca, J.), entered June 27, 1991 in Sullivan County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent Town Board of the Town of Thompson establishing water and sewer districts in the Town of Thompson, and (2) from an order of said court, entered August 28, 1991 in Sullivan County, which denied petitioners' motion for reconsideration.

Petitioners are property owners in the Emerald Green-Lake Louise Marie developments in the Town of Thompson, Sulli-

van County. For the past 30 years, the developments have been served by private water and sewer companies. Faced with mounting financial problems, the private companies advised respondent Town of Thompson in the spring of 1990 that they would cease operating when current funds ran out. In response, the Town proposed the creation of a water district and a sewer district to take over the private facilities' operations. The Town's final determinations establishing the two districts are the subject of this CPLR article 78 proceeding.

Petitioners' allegations include numerous claims of official misconduct, ranging from conflict of interest to racketeering, but their legal arguments on this appeal focus mainly on (1) the denial of due process caused by the inadequacy of the notice preceding the Town's creation of the districts, and (2) the violation of the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) in the Town's issuance of negative declarations, finding no need for the preparation of environmental impact statements. We reject the first claim, but we agree with petitioners that the Town failed to comply with the letter and spirit of SEQRA.

"The right of landowners to notice and a hearing before the boundaries of an improvement district are fixed so as to include their property generally depends upon whether the act of creating the district is in the nature of a 'legislative' or 'judicial' proceeding" (Sheldon v Town of Highlands, 73 NY2d 304, 307 [citations omitted]). That the particular act is undertaken by a legislative body, in this case respondent Town Board, does not necessarily establish that the act is in the nature of a legislative proceeding (see, Press v County of Monroe, 50 NY2d 695, 703-704). Rather, when the Legislature authorizes a subordinate body to fix the boundaries of an improvement district instead of fixing those boundaries itself, the proceeding is judicial in nature and the owners of the land affected by the improvement must be given notice and an opportunity to be heard at some stage of the proceeding (Sheldon v Town of Highlands, supra, at 308). In Matter of Floyd-Jones v Town Bd. (249 NY 398), cited with approval in Sheldon v Town of Highlands (supra, at 308), the petitioners challenged a town board's establishment of a water district. The Court of Appeals concluded that when the Legislature delegated the authority to establish the boundaries of a taxing district, "it [was] essential to due process that the owners of land affected by the improvement be accorded an opportunity to be heard as to the location of the boundaries and the

creation of the district" *(Matter of Floyd-Jones v Town Bd., supra,* at 405). The court also concluded, however, that all such owners were given the necessary notice and opportunity to be heard when the town complied with the relevant statutory requirements of a public hearing and notice by posting and publication *(supra).* Here, too, the Town complied with the relevant statutory requirement that notice of hearing be posted and published (Town Law § 209-d).

Petitioners contend, however, that notice by posting and publication was insufficient. A determination of the procedural protections required by due process depends upon the rights and interests at stake and requires consideration of several distinct factors *(see, Savastano v Nurnberg,* 77 NY2d 300, 307-308). Due process involves a balancing of the State's interests and the individual's interest in actually being informed of proceedings which affect rights or property *(Mullane v Central Hanover Trust Co.,* 339 US 306, 314-315). Case law applying this balancing test *(see, e.g., Schroeder v City of New York,* 371 US 208) establishes that "[when] the interest of a property owner will be substantially affected by an act of government, and [when] the owner's name and address are known, due process requires that actual notice be given" *(Matter of McCann v Scaduto,* 71 NY2d 164, 176). As previously noted, New York case law has approved the use of notice by publication and posting to protect the interests of owners of property that will be located within the newly created boundaries of an improvement district and subject to that district's taxing authority *(Matter of Floyd-Jones v Town Bd., supra).* Petitioners have identified no other property interest substantially affected by the establishment of the water and sewer districts herein and, therefore, we see no basis for imposing upon the Town the additional burden of giving actual notice to each and every owner of the 1,300 lots located in each of the districts.

Turning to the claimed SEQRA violations, we conclude that in issuing its negative declarations the Town failed to identify relevant areas of environmental concern, failed to take the required "hard look" and failed to make a reasoned elaboration of the basis for its determination *(see, Matter of West Branch Conservation Assn. v Planning Bd.,* 177 AD2d 917). The negative declarations for both the water district and sewer district, which simply state that "the administration and operation and maintenance of [the] facilities will not violate any of the criteria for determining environmental

significance as set forth in [6 NYCRR part 617]", are patently inadequate.

The record contains an affidavit from the Town Engineer which attempts to elaborate on the basis for the negative declarations. It is clear from the evidence in the record, however, that little or no consideration was given to a variety of potential environmental impacts. For example, the facilities of both the water and sewer districts are in poor shape, and estimated capital improvements in excess of $2 million are projected in order to provide an acceptable level of service to existing customers. There is, however, no discussion of the potential environmental impact of these improvements.

Nor was any consideration given to future development and its impact. Respondents characterize the creation of the water and sewer districts as the mere takeover of existing facilities to continue the service previously provided by the financially troubled private companies. The evidence in the record, however, reveals that respondents' characterization is overly simplistic and inaccurate. The private water and sewer companies served approximately 600 homes. The newly created water and sewer districts encompass an expanded service area which includes some 1,300 lots, with the potential for an additional 800 homes, which would more than double the number of homes to be served. There is nothing in the record concerning the districts' plans to cope with this obvious problem and the potential environmental impact of those plans. Nor has any consideration been given to the impact that the creation of the districts will have on the rate of development of the vacant lots within the districts.

It appears that the Town seeks to defer any questions concerning development of the various lots within the districts until each particular project is proposed and becomes subject to review. Such a piecemeal approach is inappropriate in this case, for it fails to take into account the cumulative impact that future development will have on the water and sewer districts' facilities, what the long-range plans are for dealing with that impact and the areas of environmental concern related to those plans (see, Matter of Schultz v Jorling, 164 AD2d 252, 255-256, lv denied 77 NY2d 810). Depending on the facts and circumstances of the particular case, cumulative impact may be a relevant concern to be considered during the SEQRA review process (see, Matter of Save the Pine Bush v Planning Bd., 70 NY2d 193, 205-206; Matter of Friedman v Adirondack Park Agency, 165 AD2d 33, 36, lv denied 78 NY2d 853; see also, 6 NYCRR 617.11 [a] [11]; [b]). We are of the view

that in the absence of any evidence in the record to support a contrary conclusion, now is the time, when the water and sewer districts are being created and their boundaries defined, to consider the areas of environmental concern related to the expansion of the districts' facilities which will be necessary to serve future development. At a minimum, the Town should identify those areas of environmental concern, along with any other relevant areas of concern, take a "hard look" at them and provide a reasoned elaboration for its determination before issuing negative declarations.

To avoid possible disruption of water and sewer service to existing homes, we will not annul the determinations which created the water and sewer districts, despite the invalidity of the underlying negative declaration of environmental significance. We are of the view, however, that until the SEQRA review process is completed, the districts' activities should be limited to those necessary to provide adequate service to existing customers.

We see no need to discuss any other issue raised on these appeals.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted to the extent that the negative declarations dated May 15, 1990 are annulled and the matter remitted to respondent Town Board of the Town of Thompson for further proceedings not inconsistent with this court's decision. Ordered that the appeal from order is dismissed, as academic, without costs.